## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

TRICIA F.     *

v.     *     Civil Case No. CCB-17-3560

COMMISSIONER, SOCIAL SECURITY[1]     *

*************

### REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-dispositive motions, and Plaintiff's reply. ECF 12, 17, 20. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that the Court deny Plaintiff's motion, grant the SSA's motion, and affirm the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g).

Plaintiff filed her claims for benefits on April 6, 2015, alleging a disability onset date of February 1, 2015. Tr. 167-76. Her applications were denied initially and on reconsideration. Tr. 99-105, 113-16. An Administrative Law Judge ("ALJ") held a hearing on July 13, 2017, at which Plaintiff was represented by counsel. Tr. 32-58. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

the relevant time frame. Tr. 15-26. The Appeals Council ("AC") denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "residual effects status post (s/p) lower extremity fracture and injuries; chronic obstructive pulmonary disease (COPD); asthma; and a history of a substance use disorder (alcohol abuse)." Tr. 17. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform less than a full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a). The claimant can walk no longer than one block at a time on a flat and even surface. The claimant can stand no longer than 15-20 minutes at a time. The claimant has to avoid crawling, kneeling, crouching and climbing ladders, ropes and scaffolds, but she is able to stoop on an occasional basis. The claimant has to avoid working around hazards such as moving dangerous machinery and unprotected heights. The claimant has to avoid concentrated exposure to respiratory irritants and extreme temperatures and humidity.

Tr. 20. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy. Tr. 24-25. Accordingly, the ALJ concluded that Plaintiff was not disabled. Tr. 25.

Plaintiff disagrees. She raises five primary arguments on appeal: (1) that the SSA violated her procedural due process rights by not giving her twenty-five days to submit additional evidence to the AC; (2) that the ALJ did not adequately analyze her mental condition; (3) that the ALJ improperly discounted the limiting effects of her subjective pain; (4) that the ALJ failed to conduct a function-by-function analysis; and (5) that the ALJ erred in assigning weight to the medical opinions. I disagree with Plaintiff's arguments, and therefore recommend the Court affirm the ALJ's decision.

I.      **Procedural Due Process**

First, Plaintiff argues that the SSA violated her procedural due process rights, because the AC correspondence dated November 6, 2017, stated that the AC would not act for twenty-five days and that Plaintiff "must send [any new evidence] to [the SSA] within 25 days," Tr. 7, yet the AC denied Plaintiff's request for review two days later on November 8, 2017, Tr. 1. ECF 12-1 at 5-8; ECF 20 at 1-3. The Supreme Court has recognized that procedural due process applies in Social Security adjudications. *Richardson v. Perales*, 402 U.S. 389, 401-02 (1971). As part of the adjudicatory process, parties have the right to request that the AC review an ALJ decision, and the AC then either denies, dismisses, or grants the request for review. 20 C.F.R. §§ 404.967, 416.1467. Regulations instruct claimants to "submit any evidence you wish to have considered by the [AC] with your request for review," §§ 404.968(a), 416.1468(a). Regulations also provide that, "Upon request, the [AC] shall give [claimants] a reasonable opportunity to file briefs or other written statements about the facts and law relevant to the case." §§ 404.975, 416.1475. Here, the instructions to Plaintiff accompanying the ALJ decision stated, "You should send your written statement and any new evidence **with your appeal**." Tr. 13 (emphasis in original).

Plaintiff's request for AC review, dated October 5, 2017, was essentially a one-sentence letter that did not include any written statement or new evidence, or a request for time to submit such a statement or evidence. Tr. 166. Plaintiff argues that the AC lacked "all of the medical evidence, facts and arguments that [Plaintiff] intended to rely upon," ECF 12-1 at 6, yet Plaintiff has not specified any new evidence she intended to proffer. Plaintiff contends that she could have submitted a written statement to the AC "rais[ing] the same identical arguments, and possibly others, that are now before this Court." ECF 20 at 2. Plaintiff has not offered any

3

reason why a written statement or request for more time to file a written statement was not sent with the request for review on October 5, 2017, or before the AC acknowledged the request a month later, on November 6, 2017.

An inquiry into procedural due process "begin[s] with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action." *Richardson*, 402 U.S. at 402 (quoting *Goldberg v. Kelly*, 397 U.S. 254, 262-63 (1970)). Here, Plaintiff's claimed private interest in the extension of time by the AC that Plaintiff neither requested, nor seemed intent on using, should not necessitate a remand on procedural due process grounds.

### II. Mental Impairment Analysis

Second, Plaintiff argues the ALJ erred when analyzing her depression by failing to apply the special technique mandated by 20 C.F.R. §§ 404.1520a, 416.920a, thus running afoul of the Fourth Circuit's decision in *Patterson v. Commissioner of Social Security Administration*, 846 F.3d 656 (4th Cir. 2017). ECF 12-1 at 8-9; ECF 20 at 3-6. While I agree that the ALJ erred in applying the special technique, I conclude that the error was harmless.

At step two of the sequential evaluation, the ALJ must determine whether a claimant has a medically determinable impairment that is "severe," or a combination of impairments that is "severe." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits an individual's ability to perform basic work activities. §§ 404.1522, 416.922. For mental impairments, the ALJ employs a "special technique," and first looks to "pertinent symptoms, signs, and laboratory findings to determine whether you have a medically determinable mental impairment(s)." §§ 404.1520a(b)(1), 416.920a(b)(1). After finding a medically determinable mental impairment exists, the ALJ rates

a claimant's degree of limitation in each of the four "paragraph B" functional areas, namely: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. §§ 404.1520a(c), 416.920a(c).

Here, the ALJ found Plaintiff's depression to be a medically determinable impairment, citing only to "[m]edical treatment records [which] include a depressive disorder, not elsewhere classified, in the claimant's 'problem list.'" Tr. 18. Plaintiff challenges the ALJ's failure to discuss other "signs, symptoms and laboratory findings" regarding Plaintiff's depression. ECF 12-1 at 8. However, it appears the ALJ did not cite to other evidence of Plaintiff's depression because there is no other evidence in the record supporting a finding that Plaintiff had a medically determinable impairment of depression. Plaintiff does not cite to any specific evidence in this regard, and depression was not mentioned at the hearing before the ALJ by either Plaintiff or her counsel. To the extent that Plaintiff argues for a remand because the finding of a mental impairment was not well supported, such a remand would be unnecessary, because the ALJ concluded that the impairment was not severe, and it did not impact his conclusions about Plaintiff's disability claims.

The ALJ assigned ratings to the "paragraph B criteria," but his explanation was noticeably lacking. The ALJ's analysis stated, "the record contains no evidence of significant and regular psychological or psychiatric treatment for any mental impairment. The undersigned finds that depression combines with the claimant's severe physical impairments to cause mild limitations in the four broad areas of mental functioning[.]" Tr. 18. Plaintiff argues that the facts here mirror those in *Patterson*, 846 F.3d 656, and that therefore, remand is warranted. In *Patterson*, the Fourth Circuit reasoned that the ALJ's failure to use the "special technique" was not harmless error, because the ALJ "did not address conflicting evidence, or explain away

5

contrary findings of other doctors in a comprehensive manner." 846 F.3d at 662. Because there is quite literally no evidence that Plaintiff's depression caused more than mild limitations in the paragraph B criteria, there is "no question but that [the ALJ] would have reached the same result notwithstanding his initial error." *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (affirming ALJ's decision despite error in rejecting severity of subjective symptoms based solely on objective medical evidence). Accordingly, the ALJ's error in not fully explaining his conclusions when assessing Plaintiff's depression was harmless.

### III. Pain Intensity Analysis

Third, Plaintiff alleges that the ALJ improperly discounted the limiting effects of her subjective pain based solely on objective medical findings, citing *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017), and that the ALJ failed to comply with Social Security Ruling 16-3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016) ("SSR 16-3p"). ECF 12-1 at 9-13; ECF 20 at 1. Plaintiff also argues that the ALJ failed to discuss pertinent evidence such as photographs of Plaintiff's left leg, the multiple surgeries Plaintiff had on her leg, and her prescriptions for pain medications. *Id.* The ALJ must review and consider all of the evidence in a claimant's case record. 20 C.F.R. §§ 404.1520(a)(3), 416.920(a)(3). However, while the ALJ's decision must "'contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based,' 42 U.S.C. § 405(b)(1), 'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision.'" *Reid v. Comm'r of Soc. Sec.*, 769 F.3d. 861, 865 (4th Cir. 2014) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)).

Contrary to Plaintiff's claim, the ALJ did discuss Plaintiff's February, 2015, and March, 2015, surgeries on her left leg, and the infections that complicated the healing of her leg.

Tr. 21-22. The ALJ also noted that Plaintiff testified she takes Ibuprofen three times daily to relieve her pain. Tr. 21, 49. I find that the ALJ did not err by failing to explicitly discuss the other evidence Plaintiff points to, such as the photographs of Plaintiff's leg. Furthermore, in addition to objective medical findings, the ALJ also relied on other evidence, such as notes from multiple hospital visits in which Plaintiff was noted to be walking without aids, with normal gait and full range of motion. Tr. 22. The ALJ also noted inconsistencies with subjective statements—noting that ongoing smoking behavior was inconsistent with complaints of severe shortness of breath. Tr. 23. Finally, the ALJ's RFC assessment is quite restrictive in limiting her required standing and walking. Tr. 20 (limiting her walking to "no longer than one block . . . and stand[ing] no longer than 15-20 minutes at a time."). Therefore, the ALJ's rejection of Plaintiff's statements regarding the intensity, persistence and limiting effects of Plaintiff's symptoms was proper. Considering the substantial evidence upon which the ALJ relied, I would also reject Plaintiff's contention that the ALJ failed to comply with SSR 16-3p.[2]

**IV.     RFC Analysis**

Plaintiff next argues that the ALJ failed to use a function by function analysis before deciding Plaintiff's RFC. ECF 12-1 at 10-11; ECF 20 at 7. Plaintiff specifically alleges that the ALJ failed to properly consider her functional limitations before deciding the RFC, failed to address how long Plaintiff could sit, and failed to consider how Plaintiff's non-severe impairments affected her ability to work. *Id.* Plaintiff's contention that the ALJ decided the RFC before considering functional limitations is unsupported, as the only support Plaintiff offers is an unexplained citation to the ALJ's step three analysis. ECF 12-1 at 10 (citing Tr. 19). If Plaintiff's objection is to the ALJ's use of the RFC as a header to his RFC analysis, Tr. 20, I find

---

[2] Plaintiff's contention that this Court has to grant relief because the SSA did not specifically respond to the argument lacks merit. See ECF 20 at 1.

7

no error in such a stylistic choice (which adheres to the format used by ALJs in their opinions).

With regards to how long Plaintiff can sit, the ALJ stated in his RFC analysis, "[t]he objective findings from examinations do not support the limitations in sitting, standing and walking the claimant reported. . . . The record as a whole supports limitations in walking and standing that would limit the claimant to the performance off [sic] sedentary work activities, with some additional postural limitations." Tr. 23. The ALJ supported his conclusion that Plaintiff could sit for the full time required for sedentary work with a detailed discussion of the record. Tr. 20-23. Because the ALJ cited substantial evidence to support his conclusion, even if there is other evidence that may support Plaintiff's position, this Court is not permitted to reweigh the evidence or to substitute its own judgment for that of the ALJ. *See Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990).

As for Plaintiff's non-severe impairments, Plaintiff does not point to any particular non-severe impairment that the ALJ neglected to discuss in the RFC determination, nor explains how any such impairments affect her ability to work. At step two, the ALJ identified Plaintiff's impairments of colitis, gout, gastritis, irritable bowel syndrome, hypothyroidism, anemia, alcoholic hepatitis, hypertension, non-infectious gastroenteritis, and depression to be non-severe. Tr. 18. In reviewing the record as a whole, I find that the ALJ properly considered all impairments, both severe and non-severe, that had limiting effects on Plaintiff's ability to work. *See* 20 C.F.R. §§ 404.1545, 416.945. Therefore, I find that the ALJ's RFC determination was supported by substantial evidence, and does not warrant remand.

V.    **Opinion Evidence**

Plaintiff next argues that the ALJ erred in assigning weight to her treating provider, Dr. Deol, and to the State agency consultant, Dr. Totoonchie. ECF 12-1 at 13-16, ECF 20 at 8-9.

8

The ALJ gave Dr. Deol's opinion that Plaintiff had "no functional capabilities . . . little weight because it is not consistent with the other evidence of record 12 months after the claimant's alleged onset date which shows multiple examination findings of a normal gait, normal muscle strength and normal motor function." Tr. 23. The ALJ further noted that no other physicians had suggested an inability to perform sedentary work. *Id.* The ALJ must give a treating physician's opinion controlling weight if it is well-supported and consistent with the record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Brown v. Comm'r of Soc. Sec. Admin.*, 873 F.3d 251, 255-56 (4th Cir. 2017). One of the factors that the ALJ considers when assigning weight to a medical opinion is consistency with the record as a whole. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4); *Brown*, 873 F.3d at 256. Here, the ALJ explained why Dr. Deol's extremely restrictive opinion was not consistent with the record, and therefore, I do not find error in his assignment of "little weight" to Dr. Deol's opinion. Plaintiff's claim that "the considered medical evidence was limited to 12 months after [Plaintiff's] injury," ECF 12-1 at 15, is unsupported. Further, Plaintiff's claim that the ALJ did not properly weigh Dr. Deol's specialty in infectious diseases does not call into question the ALJ's conclusion that Dr. Deol's opinion was inconsistent with the record.

Plaintiff likewise challenges the assignment of "significant weight" to the opinion of the State agency consultant, Dr. Totoonchie. ECF 12-1 at 16; ECF 20 at 8. The ALJ concluded that Dr. Totoonchie's opinion that "the claimant would be limited to sedentary work 12 months past the alleged onset of disability . . . is consistent with the objective medical evidence establishing some ongoing left leg pain, which combines with asthma and COPD." Tr. 23. Even though Dr. Totoonchie's opinion was rendered before Plaintiff received further treatment in 2016, the ALJ provided a detailed explanation with citations to the record to explain the assignment of

9

significant weight. Plaintiff argues that the ALJ's findings do not align with those of Dr. Totoonchie, because the ALJ found that Plaintiff suffered from residual effects of status post lower extremity fracture, but Dr. Totoonchie found she suffered from "sprains and strains." ECF 12-1 at 16. However, Dr. Totoonchie's assessment expressly discussed Plaintiff's leg fracture and the ensuing complications. Tr. 84, 94. Accordingly, I find that the ALJ's assignment of weight to the medical opinions was supported by substantial evidence.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT Defendant's Motion for Summary Judgment, ECF 17;

2. the Court DENY Plaintiff's Motion for Summary Judgment, ECF 12;

3. the Court AFFIRM the SSA's decision under sentence four of 42 U.S.C. § 405(g); and

4. the Court order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: January 17, 2019                                            /s/
                                                                         Stephanie A. Gallagher
                                                                         United States Magistrate Judge